UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DIANE SCOTTEN,**

    **Plaintiff,**

v.                                                  Case No.: 8:04-CV-1440-T-27EAJ

**R. JAMES NICHOLSON, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,**

    **Defendant.**
_____/

## ORDER

Before the court is **Defendant's Motion for Order Directing Plaintiff to Attend Partially Completed IME and Motion to Extend Disclosure Deadline for Report of Defendant's Expert Witness** (Dkt. 24), filed September 1, 2005. Plaintiff filed a response to this motion on September 12, 2005. (Dkt. 27).

Under the court's Case Management and Scheduling Order (Dkt. 11), the parties were to have disclosed their expert witnesses under Rule 26(a)(2) by May 15, 2005. Defendant disclosed Dr. Barbara A. Stein, a forensic psychiatrist, as its expert on May 13, 2005, and notified Plaintiff that an independent medical examination ("IME") was to take place on July 6, 2005, at 9:30 a.m.[1] (Dkt. 24, Attachment 2). On July 1, 2005, this appointment was altered to accommodate Plaintiff's dialysis treatment scheduled for the morning of July 6, 2005. The first portion of the IME was

---

[1] This appointment was within the original discovery deadline of July 15, 2005. (Dkt. 11).

rescheduled for the afternoon of July 6, 2005, and the second portion was set for September 15, 2005.[2]

Plaintiff participated in the first portion of the IME on July 6, 2005 as scheduled, but now states that she should not have to submit to the September 15, 2005 examination because there is no need to subject her to further testing, defendant has filed a summary judgment motion, and the discovery and expert witness deadlines have expired.  Defendant contends that Plaintiff placed her metal condition in controversy by seeking damages for emotional distress, that Plaintiff previously agreed to allow an IME, and that rescheduling the second half of the IME was done solely to accommodate Plaintiff.  Defendant also requests that the deadline for disclosure of experts be extended to allow Defendant to use the report Dr. Stein will create based on the IME.

Federal Rule of Civil Procedure 35 provides that a court may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by an appropriate examiner.  The court may order such an examination for "good cause shown."  <u>Id</u>.  In the instant case, the parties initially agreed that an IME would be conducted and, indeed, the first portion of the IME has been completed.  (Dkt. 27 at 1-2).  Plaintiff placed her mental condition in controversy by alleging emotional suffering

---

[2]This date is after the revised discovery deadline of August 5, 2005.  (Dkt. 16).

2

and mental anguish in her Complaint.  (Dkt. 1 at 5).  The second half of the IME was rescheduled for a date outside of the extended discovery deadline to accommodate Plaintiff's schedule.  Although Defendant did not request an extension of the deadline for experts' disclosures with other deadlines in its July 12, 2005 motion (Dkt. 15), the error is easily rectified.  As Defendant points out, Plaintiff will have the opportunity to depose Dr. Stein in advance of the final pretrial conference and trial.[3]  Defendant has shown good cause for requiring Plaintiff to complete the IME.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff attend the IME on September 15, 2005, at 10:00 a.m.  The examination will be conducted by Dr. Barbara A. Stein at her office at 33920 U.S. Highway 19 North, Suite 347, Palm Harbor, FL 34684.  It is further **ORDERED** that Defendant shall have through September 30, 2005, to disclose Dr. Stein's report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

**DONE AND ORDERED** in Tampa, Florida on this 13th day of September 2005.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[3] The final pretrial conference is set for November 10, 2005, and the case is scheduled for trial on December 5, 2005.

3